UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURA GULL, on behalf of herself and others similarly situated,

                Plaintiff,

-vs-                                              Case No. 2:09-cv-699-FtM-99SPC

NORTH CAPE PAGE, INC., doing business as Stevie Tomato's Sports Page Bar & Grill; KARATOM, LLC, doing business as Stevie Tomato's Sports Page Bar & Grill,

                Defendants.
_____

## ORDER

This matter comes before the Court on Joint Report Regarding Settlement (Doc. #24) filed on March 25, 2010. The parties indicate a settlement has been reached with the Defendants regarding the Plaintiff's claims. However, Counsel indicates a settlement has not been reached regarding attorneys fees and costs.

When a settlement is entered, the parties are required to provide the Court with sufficient information regarding the settlement in order for the Court to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). Therefore, the parties should submit a Joint Motion to Approve the Settlement with the settlement documents. The information should include a copy of the settlement agreement signed by all parties, a brief description of the terms of the settlement, the number of hours and lost wages originally claimed by the Plaintiff and whether or not the Plaintiffs claims were settled by compromise.

With regard to attorney's fees, the Court recognizes the ruling in Bonetti v. Embarq. Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1]. If, in the future, the parties are able agree on the issue of the attorney's fees and certify the settlement of the attorney's fees issue was independent and in seriatim they may forego the necessity of filing copies of billing records with their settlement documentation. If the parties have not reached an agreement regarding attorneys' fees within the time frame outlined below, detailed billing records **shall** be filed with the settlement documents within the time frame outlined in this order. The Court finds good cause to allow the parties additional time to mediate the issue of attorney's fees and costs.

Accordingly, it is now

**ORDERED:**

The parties shall have up to and including **MAY 14, 2010**, to submit the settlement documents for the Court's review. Further, the parties shall continue to mediate the issue of attorneys fees, and shall advise whether a settlement has been reached. Documentation shall be submitted with the settlement agreement as outlined above.

**DONE AND ORDERED** at Fort Myers, Florida, this ___31st___ day of March, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] The Bonetti Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach. See Order Doc. # 27.